UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| CARL CAMPBELL, | ) |
| Petitioner, | ) |
| v. | ) No. 2:19-cv-00176-JRS-MJD |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

**Order Dismissing Petition for a Writ of Habeas Corpus
and Directing Entry of Final Judgment**

Carl Campbell, an inmate at the United States Penitentiary in Terre Haute, Indiana, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the following reasons, the petition must be dismissed.

**I. The Petition**

Mr. Campbell was convicted in the District of South Dakota of sex trafficking by force, fraud, or coercion under 18 U.S.C. § 1591(a)(1), (a)(2), (b)(1), and 18 U.S.C. §§ 2(a) and 2(b); interstate transportation for prostitution in violation of 18 U.S.C. § 2422; two counts of sex trafficking of a child in violation of 18 U.S.C. § 1591(a)(1), (a)(2), (b)(1), and 18 U.S.C. §§ 2(a) and 2(b); and obstruction of sex trafficking enforcement under 18 U.S.C. § 1591(d). *United States v. Campbell*, 4:12-cr-40039-KES ("Crim. Dkt.") Dkt. 39 (D. S.D. Nov. 6, 2012). He was convicted on those counts on June 3, 2013. Crim. Dkt. 115.

Mr. Campbell filed a motion for relief pursuant to 28 U.S.C. § 2255, which was denied. *Campbell v. United States*, 4:16-cv-04030-KES (D. S.D. Aug. 22, 2017). His petition to file a

successive habeas petition was also denied. *Campbell v. United States*, 18-1897 (8th Cir. June 8, 2018).

Mr. Campbell then filed the present petition for a writ of habeas corpus. He contends that, under the Supreme Court ruling in *Sessions v. Dimaya*, 138 S.Ct. 1204 (2018), his convictions under 18 U.S.C. § 1591 and § 2422 do not qualify as crimes of violence and that he has been sentenced above the guideline range.

## II. Discussion

Mr. Campbell's habeas petition is subject to preliminary review to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4 of the *Rules Governing § 2254 Cases* (applicable to § 2241 petitions pursuant to Rule 1(b)); *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4.

A federal court may issue the writ of habeas corpus only if it finds the applicant "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see also Rose v. Hodges,* 423 U.S. 19, 21 (1975) ("A necessary predicate for the granting of federal habeas relief [to a petitioner] is a determination by the federal court that [his or her] custody violates the Constitution, laws, or treaties of the United States."). As discussed below, Mr. Campbell cannot show his entitlement to relief pursuant to § 2241.

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Shepherd v. Krueger*, 911 F.3d 861, 862 (7th Cir. 2018); *Webster v. Daniels*, 784 F.3d 1123, 1124 (7th Cir. 2015). Under very limited circumstances, however, a prisoner may employ Section 2241 to challenge his federal conviction or sentence. *Webster*, 784 F.3d at 1124. This is because "[§] 2241 authorizes federal courts to issue

writs of habeas corpus, but § 2255(e) makes § 2241 unavailable to a federal prisoner unless it 'appears that the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of [the] detention.'" *Roundtree v. Krueger*, 910 F.3d 312, 313 (7th Cir. 2018). Section 2255(e) is known as the "savings clause." The Seventh Circuit has held that § 2255 is "'inadequate or ineffective' when it cannot be used to address novel developments in either statutory or constitutional law, whether those developments concern the conviction or the sentence." *Roundtree*, 910 F.3d at 313 (*citing e.g., In re Davenport*, 147 F.3d 605 (7th Cir. 1998); *Brown v. Caraway*, 719 F.3d 583 (7th Cir. 2013); *Webster*, 784 F.3d at 1123). Whether § 2255 is inadequate or ineffective "focus[es] on procedures rather than outcomes." *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002).

> The Seventh Circuit construed the savings clause in *In re Davenport* holding:
>
> A procedure for postconviction relief can be fairly termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense.

*In re Davenport*, 147 F.3d at 611. "[S]omething more than a lack of success with a section 2255 motion must exist before the savings clause is satisfied." *Webster*, 784 F.3d at 1136. Specifically, to fit within the savings clause following *Davenport*, a petitioner must meet three conditions: "(1) the petitioner must rely on a case of statutory interpretation (because invoking such a case cannot secure authorization for a second § 2255 motion); (2) the new rule must be previously unavailable and apply retroactively; and (3) the error asserted must be grave enough to be deemed a miscarriage of justice, such as the conviction of an innocent defendant." *Davis v. Cross*, 863 F.3d 962, 964 (7th Cir. 2017); *Brown*, 719 F.3d at 586.

Specifically, as noted, Mr. Campbell relies on *Sessions v. Dimaya*, 138 S.Ct. 1204 (2018). In *Dimaya*, the United States Supreme Court held that the residual clause of 18 U.S.C. § 16,

defining a crime of violence, is void for vagueness under the Due Process Clause of the United States Constitution. *Id.* at 1216. In other words, *Dimaya* is a case of constitutional, not statutory, interpretation. It therefore fails the first requirement for obtaining relief under § 2241. The mere fact that the claim would be a second or successive § 2255 motion does not render § 2255 inadequate or ineffective. *See In re Davenport,* 147 F.3d 605, 609-10 (7th Cir. 1998).

Mr. Campbell also refers to *Descamps v. United States*, 133 S.Ct. 2276 (2013). In *Descamps,* the Supreme Court held that, in determining whether a prior conviction qualifies as a violent felony for purposes of 18 U.S.C. § 924(e), sentencing courts must apply the "categorical approach," and "may not apply the modified categorical approach when the crime of which the defendant was convicted has a single, indivisible set of elements." *Descamps,* 133 S.Ct. at 2282. Mr. Campbell does not explain how *Descamps* would apply to his convictions, and, in any case, *Descamps* was decided in 2013, before he filed his § 2255 motion. Any argument under *Descamps*, therefore was available to him when he filed his § 2255 motion and does not satisfy the second requirement of the savings clause.

In short, Mr. Campbell's petition shows on its face that he is not entitled to relief under § 2241 because it does not meet the requirements of the savings clause.

### III. Conclusion

For the foregoing reasons, Mr. Campbell's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **denied** and this action is dismissed with prejudice. Judgment consistent with this Order shall now issue.

**IT IS SO ORDERED.**

Date: 6/6/2019

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

CARL CAMPBELL
12002-273
TERRE HAUTE - USP
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808